**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00460-WYD-NYW

JODY BLATCHLEY, and
DELFINA BLATCHLEY,

    Plaintiffs,

v.

RICHARD CUNNINGHAM, M.D.,
PETER JANES, M.D.,
TODD WILLIAM PETERS, M.D.,
MATTHEW CAIN, PA-C,
TIMOTHY SMITH, PA-C,
CAMERON YOUNGBLOOD, PA-C,
ST. ANTHONY SUMMIT MEDICAL CENTER, and
VAIL-SUMMIT ORTHOPAEDICS, P.C.,

    Defendants.

---

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs' Motion for Leave to Amend the Complaint ("Motion to Amend"). [#99, filed on September 28, 2015]. The Motion to Amend was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated March 5, 2015 [#4], and the Memorandum dated September 28, 2015 [#100]. The court has reviewed the Motion to Amend, the Response filed by Defendant Peter Janes, M.D. ("Defendant Janes" or "Dr. Janes") [#101], the Response filed by Defendants Vail-Summit Orthopaedics, P.C. ("VSO") and Defendant Cameron Youngblood ("Defendant Youngblood") (collectively, the "VSO Defendants") [#103], and the Reply by Plaintiffs Jody Blatchley ("Mr. Blatchley") and Delfina

Blatchley ("Ms. Blatchley") (collectively, "Plaintiffs" or "the Blatchleys") [#112]. Having reviewed the filings of Plaintiffs, Dr. Janes, and the VSO Defendants, and determined oral argument would not materially assist in the disposition of this Motion to Amend, this court GRANTS the Motion to Amend.

## BACKGROUND

Plaintiffs initiated this action on March 5, 2015, two years after Mr. Blatchley was injured snowboarding at Keystone Ski Resort. [#1 at ¶ 18]. Mr. Blatchley contends that his injuries were misdiagnosed and therefore, improperly treated by Defendants. *See generally*, [#1]. Specifically, Mr. Blatchley avers that despite symptoms and signs of compartment syndrome no later than March 8, 2013 [*id.* at ¶¶ 44-46], Defendants failed to identify compartment syndrome, thus leading to severe, permanent injury. One such care provider was Defendant Youngblood, who allegedly examined Mr. Blatchley on March 10, 2015, but failed to diagnose him with compartment syndrome. *See e.g.,* [*id.* at ¶¶ 55-80].

Under Colorado law, as a physician's assistant, Defendant Youngblood must associate with a licensed physician who acts as his supervisor. [#1 at ¶¶ 142-43]. In the Complaint, Dr. Todd William Peters is identified as Defendant Youngblood's supervising physician [*id.* at ¶ 144], and Plaintiffs assert a single claim of vicarious liability against Dr. Peters. [*Id.* at ¶¶ 141-146]. No allegations specific to Dr. Peters are set forth in the Complaint; indeed, it does not appear that there are any allegations that Dr. Peters ever personally treated Mr. Blatchley. *See generally*, [#1].

After a number of continuances requested by the Parties, this court held a Scheduling Conference in this matter on July 28, 2015. [#61]. A Scheduling Order was entered that same

day. [#62]. In that Scheduling Order, the court set a deadline for designation of non-parties at fault for November 25, 2015, and a deadline for amendment of pleadings and joinder of parties for January 4, 2016. [*Id.* at 7]. The court further set a deadline for the completion of fact discovery for January 25, 2016. [*Id.* at 8].

In the instant Motion filed on September 28, 2015, Plaintiffs seek to amend to add Gregory Thomas Poulter, M.D. ("Dr. Poulter") as a defendant and dismiss Dr. Peters from the action, based on the assertion that they were under the misimpression based on filings with the Colorado Department of Regulatory Agencies ("DORA") that Dr. Peters was Defendant Youngblood's supervising physician at the time of Mr. Blatchley's injury in March 2013. [#99 at 1]. Plaintiffs further assert that during the course of discovery, the VSO Defendants provided additional DORA paperwork that demonstrates Dr. Poulter was Defendant Youngblood's supervising physician at all times relevant to this action. [*Id.* at 6; #99-2]. While it is not entirely clear,[1] it appears that, for all intents and purposes, Plaintiffs simply wish to substitute Dr. Poulter for Dr. Peters.

The VSO Defendants object, contending that Dr. Poulter did not have notice of this lawsuit until after the period for service expired under Rule 4(m) of the Federal Rules of Civil Procedure, and that "allowing amendment at this stage of the case will be burdensome to all parties as significant discovery has occurred, namely the depositions of the Plaintiffs. Adding a new party to this case will result in delay, duplication, and related, increased expense." [#104 at 3].

---

[1] Plaintiffs' proposed Amended Complaint does not include "strike-throughs" and underlines denoting the proposed amendments as required by D.C.COLO.LCivR 15.1.

3

## ANALYSIS

Because the Blatchleys seek leave to amend prior to the governing deadline (although after the time period allowed under Rule 15(a)(1) for amending as a matter of course), the court only considers whether leave should be granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a)(2) provides that leave shall be freely granted in the interests of justice. Fed. R. Civ. P. 15(a)(2). The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056, 1061 (D. Colo. 2009).

In this case, the VSO Defendants contend that adding Dr. Poulter as a defendant would cause substantial prejudice because of the time elapsed between Mr. Blatchley's injury and September 2015, when Dr. Poulter first learned of the action. [#104 at ¶ 4]. This court is not persuaded that the delay should prevent the proposed amendment. Plaintiffs were bound by a two-year statute of limitations in which to file a lawsuit, and discovery in this matter did not begin, in earnest, until July 2015. Therefore, the fact that Plaintiffs only learned that Dr. Poulter, rather than Dr. Peters, acted as Defendant Youngblood's supervising physician does not appear to be attributable to any negligence on the part of Plaintiffs in pursuing their claims. In addition, Rule 4(m) does not apply in this circumstance because that Rule deals with service of named

Parties, rather than failure to provide notice to any yet-identified Parties.[2]  Fed. R. Civ. P. 4(m). Finally, the proposed claim against Dr. Poulter is based on vicarious liability rather than personal knowledge and/or involvement. The VSO Defendants provide no specific facts to support their argument that the addition of Dr. Poulter will change the complexion of this lawsuit and cause delay, particularly given the fact that Vail-Summit Orthopaedics, Dr. Poulert's former employer, and Defendant Youngblood have actively participated in discovery to date.  This court finds that the VSO Defendants have failed to carry their burden to demonstrate that the proposed amendment is unduly delayed or prejudicial to any Party.

## CONCLUSION

Therefore, for the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiffs' Motion for Leave to Amend the Complaint [#99] is **GRANTED**;

(2)     Defendant Todd William Peters, M.D. is **DISMISSED** from this action;

(3)     The Clerk of the Court is **DIRECTED** to file [#99-4] as the First Amended Complaint in this action;

(4)     Plaintiffs are DIRECTED to serve Gregory Poulter, M.D. with a copy of the First Amended Complaint no later than **December 4, 2015**.

DATED:  November 25, 2015                         BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

---

[2] Even if Rule 4(m) applied, it clearly provides that the court may extend the time period of service upon a showing of good cause by Plaintiff. Fed. R. Civ. P. 4(m).