**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00460-WYD-NYW

JODY BLATCHLEY, and
DELFINA BLATCHLEY,

    Plaintiffs,

v.

RICHARD CUNNINGHAM, M.D.,
PETER JANES, M.D.,
MATTHEW CAIN, PA-C,
TIMOTHY SMITH, PA-C,
CAMERON YOUNGBLOOD, PA-C,
ST. ANTHONY SUMMIT MEDICAL CENTER,
VAIL-SUMMIT ORTHOPAEDICS, P.C., and
GREGORY POULTER, M.D.,

    Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant St. Anthony Summit Medical Center's Motion for Protective Order ("Motion for Protective Order") [#109, filed October 26, 2015]. The Motion for Protective Order was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated March 5, 2015 [#4], and the Memorandum dated October 26, 2015 [#110]. The court has reviewed the Motion for Protective Order, Plaintiffs' Response to the St. Anthony Summit Medical Center's Motion for Protective Order ("Opposition"), and the Reply filed by Defendant St. Anthony Summit Medical Center ("St. Anthony Summit"), the

applicable case law, and has heard argument on December 8, 2015. For the reasons stated in this Order, this court GRANTS the Motion for Protective Order.

## BACKGROUND

The background of this case has been discussed in detail in other court orders, *see, e.g.*, [#94], and accordingly, the court will focus on the circumstances relevant to the disposition of the instant Motion for Protective Order. Plaintiffs Jody and Delfina Blatchley (collectively, "Plaintiffs" or "the Blatchleys") have initiated this personal injury action against Defendants. As part of discovery in this action, the Blatchleys have sought "policies, procedures, protocols, guidelines, and/or other documents" used at St. Anthony Summit. [#109 at 3]. St. Anthony Summit has produced such documents as "confidential" under the Protective Order entered in this action, and request that such documents be returned or destroyed at the conclusion of the litigation. [*Id.*]

The Blatchleys oppose the entry of a Protective Order. Clear from both their filing and their statements in court, it is not the Blatchleys who are driving this Opposition. Rather, counsel for the Blatchleys object to the entry of a protective order because they wish to be able to use the information in other unidentified cases. [#123 at 2]. They argue that because the documents do not contain trade secrets or other confidential information, a protective order is unwarranted and they should be able to freely use and disseminate the information without restriction. [#123].

In Reply, St. Anthony Summit affirmatively states that "Defendants are not requesting this Court to keep the documents confidential to the extent that the public cannot view them during this litigation." [#134 at 2]. Rather, St. Anthony Summit seeks to have the documents

returned or destroyed at the end of the case, arguing that "[t]he documents may or may not be relevant in future litigation; however, that determination needs to be made by the Court in which the other litigation is pending."

## ANALYSIS

**I.     Applicable Law**

   **A.     Pre-Trial Discovery Generally**

The Federal Rules of Civil Procedure allow for discovery of relevant information in an action, but it is axiomatic that the determination of whether information is discoverable must be assessed by the parties and a court on a case-by-case basis. Fed. R. Civ. P. 26(b)(1) (eff. Dec. 1, 2015).[1] Indeed, the amendments to Rule 26(b)(1) make clear that parties must pursue and this court must administer the discovery rules in a manner that is proportional to the needs of a case, which can only be assessed based on a the particular issues and facts presented by a specific case. It therefore, logically follows, that this court is not in a position to determine whether a particular document will be relevant, proportional, and therefore, discoverable in a separate, undefined matter. It is also well-settled that discovery in one matter is not intended to afford a party an opportunity to seek information for an unasserted claim, or a yet-to-be filed case. *See e.g., Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through [materials] for evidence of some unknown wrongdoing). Nor is it intended to afford any party documents to be used outside the instant litigation. *See Seattle Times Co. v. Rhinhart*, 467 U.S. 20, 34 (1984)

---

[1] Consistent with 28 U.S.C. § 2074(a) and the Orders of the United States Supreme Court dated April 28, 2015, this court finds that it is just and practicable, and therefore, applies the Federal Rules of Civil Procedure effective December 1, 2015 to this instant Motion.

3

(observing that liberal discovery is provided for the sole purpose of assisting and preparing for the preparation and trial, or the settlement, of litigated disputes).[2]

### B.   Rule 26(c) Protective Orders

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).  The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court.  *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).   As part of the exercise of its discretion, the court may specify the terms for disclosure.  Fed. R. Civ. P. 26(C)(1)(B). While a protective order may be appropriate where a trade secret or other confidential information is at issue, the existence of a trade secret is not required.  Instead, the good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise.  *See Rohrbough*, 549 F.3d at 1321.  Judge Boland cogently explained that there are at least three kinds of protective orders that courts have utilized to limit discovery or the dissemination of information – (1) particular protective orders; (2) blanket protective orders; or (3) umbrella protective orders.  *See Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 385-86 (D. Colo. 2000).

---

[2] As noted by the Honorable Boyd N. Boland in the *Gillard* case discussed below, the *Seattle Times* case concerned the Washington state rules of procedure, which were substantially the same as the Federal Rules of Civil Procedure. Consistent with Judge Boland's holding in *Gillard*, I cite *Seattle Times* because it is equally persuasive in this case, particularly in its discussion of appropriate restrains placed on discovered, but not yet admitted, information. *See Seattle Times*, 467 U.S. at 33.

### C. Motions to Restrict

In addition, the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is not equivalent to an Order to Restrict any designated documents or information from public access. As recognized by Local Rule 7.2 and the Tenth Circuit's case law, designation under a Protective Order is, in and of itself, insufficient to justify restriction. *See* D.C.COLO.LCivR 7.2(c); *See also Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012); *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, Civil Action No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *6 (D. Colo. July 16, 2012) (holding that "the mere fact that a party has designated a document as confidential is insufficient to justify restricted access"). In addition, the Tenth Circuit has been clear that parties – and courts – should not reflexively restrict documents upon which the parties (and as a result the courts) rely upon to seek or afford relief. *See Lucero*, 495 F. App'x at 913. Indeed, in only the rarest of circumstances is restricting the public's access to court documents appropriate. *See Rocky Mountain Mortg. Specialists, Inc. v. First Am. Real Estate Information Servs., Inc.*, Civil Action No. 07–cv–00815–MSK–MEH, 2008 WL 4293316 (D. Colo. Sept. 16, 2008).

## II. Application

Against this backdrop, this court considers St. Anthony's Motion for Protective Order. In examining an exemplar of the policies and procedures, it does not appear that such clinical standards necessarily include "trade secrets" as understood under the applicable case law. However, the printed policies contain disclaimers that "[a]ll official Centura health policies are maintained electronically and are subject to change. No printed policy should be taken as the official policy except to the extent it is consistent with the current policy that is electronically

5

maintained." [#123-4]. This language reinforces the court's conclusion that discoverability of any particular document, if challenged, should be assessed by the court presiding over the particular case, not by this court in a prescient manner. A party has no right to make unrestricted disclosure of information obtained through discovery. *See Gillard*, 196 F.R.D. at 387. Therefore, this court concludes that a protective order that permits both parties to designate information that must be returned or destroyed at the end of this litigation is appropriate. Indeed, Mr. Blatchley may seek to designate some of his information under such a protective order; it is difficult to imagine that Mr. Blatchley intends to allow information he discloses about his medical condition to be used or disseminated without restriction by defense counsel in any other case.

This court has considered Plaintiffs counsel's argument that such a restriction would unreasonably multiply costs or restrict access to such documents in the future, and ultimately concludes that this concern is not dispositive. Unlike *Ward v. Ford Motor Co.*, 93 F.R.D. 579 (D. Colo. 1983), there is no defined "discovery information group" in which a group of attorneys is litigating essentially the same liability issues against a single large manufacturer capable of coordinating its defenses nationwide. *Id.* at 579. There are not counterclaims Defendants are asserting against a large group of litigants in which Mr. Blatchley belongs that would warrant the sharing of discovery. Instead, this is a personal injury case that is particular to the treatment of Mr. Blatchley by these particular Defendants. Plaintiffs' counsel – not even Plaintiffs – essentially seek the unfettered ability to use discovery from this action in any manner that they unilaterally determine is appropriate in other, unnamed actions, and based on the record before it, this court declines to allow such.

To be clear, this court is not ruling that information designated under a protective order in this case is entitled to restriction from the court's docket going forward. In fact, as St. Anthony Summit recognizes, its policies and procedures should not be maintained under restriction, precluding the public from seeing them during this litigation. Nor is this court's ruling that, if filed in the public court docket, such publicly available documents are subject to any further restriction that is not provided for by the Federal Rules of Civil Procedure or the case law of the Tenth Circuit or this District. Nor is the court ruling that if these documents are available from some other legitimate source other than discovery in this matter, Plaintiffs' counsel are somehow still limited in their use. Rather, this court is simply concluding that documents designated, after a good faith review and certification by counsel of record pursuant to their obligations under Rule 26(g) of the Federal Rules of Civil Procedure, as confidential, proprietary, or trade secret in this case under an appropriate protective order, should be limited in their use to this action. Any party seeking restriction of information or a document from the court docket must comply with and satisfy the Federal Rules of Civil Procedure, D.C.COLO.LCivR 7.2, and the applicable case law regarding restricting court documents from public accessibility.

## CONCLUSION

Therefore, for the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant St. Anthony Summit Medical Center's Motion for Protective Order [#109] is **GRANTED**; and

(2) The Parties will submit a proposed Protective Order for the court's consideration no later than **January 8, 2016**, with any disputed terms highlighted for the court's consideration and disposition.

.

DATED:  December 24, 2015     BY THE COURT:

                              s/ Nina Y. Wang
                              United States Magistrate Judge